■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MURRAY, Appellant. [754 NYS2d 543] —Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered October 4, 2000, convicting defendant, after a jury trial, of attempted burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The trial court properly admitted, on the issue of intent, testimony indicating that defendant may have previously committed similar acts (*see People v Alvino*, 71 NY2d 233, 245; *People v McNair*, 167 AD2d 205, *lv denied* 77 NY2d 909). Contrary to defendant's assertion, defendant's intent was a contested issue. Furthermore, the court's thorough limiting instructions, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104), were sufficient to prevent any prejudice. Concur—Tom, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.

■ CHRYSOULA JORDANIDOW, Respondent, v KATINA THOMAS et al., Appellants, et al., Defendant. [754 NYS2d 543] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered April 20, 2001, in favor of plaintiff and against defendants-appellants, unanimously affirmed, with costs.

The trial court correctly interpreted the parties' agreement, and the powers of attorney contained therein, as giving plaintiff the option of transferring defendants' property to herself or a third party in the event defendants did not sell the properties by the specified dates, but imposing upon plaintiff no obligation to do so. The agreement clearly contemplated that plaintiff could continue to look to the property as security for as long as defendants' indebtedness remained unsatisfied, and that plaintiff's powers of attorney to sell the properties would be deemed revoked if the indebtedness were satisfied by other means. We have considered and rejected defendants' other contentions. Concur—Tom, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.